**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LEE MADDEN, JR.**  **PETITIONER**
ADC #136534

v.  **CASE NO.: 5:09CV00310-SWW-BD**

**LARRY NORRIS, Director,**
Arkansas Department of Correction  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**  **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (#2) without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as an unauthorized second or successive petition.

## II.  Background

On July 10, 2006, Petitioner Lee Madden, Jr. entered a plea of guilty in Desha County Circuit Court to charges of aggravated robbery, theft of property valued at $2,500 or more, and possession of a firearm by certain persons.  In a judgment and commitment order filed July 17, 2006, the Circuit Court sentenced Petitioner to serve three hundred months on the aggravated robbery charge and to two-hundred-forty months on the theft of property and firearms charges, with all of the sentences to run concurrently.  (#2 at p.1)

On March 3, 2008, Petitioner moved for leave to proceed with a belated appeal in the Arkansas Supreme Court.  On April 10, 2008, the Court denied the motion on the grounds that it did not have jurisdiction to hear an appeal because Petitioner's case did not fall within an exception to Ark. R. App. P. Crim. 1, which provides that there is no right to a direct appeal after entering a guilty plea.  *Madden v. State*, No. CR 08-272, 2008 WL 963666, at *1 (Ark. April 10, 2008).

On March 6, 2008, Petitioner brought a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *Madden v. Jackson*, No. 5:08CV00059 (E.D. Ark. June 11, 2008). Petitioner raised several claims in his petition including a claim that he should be

permitted to file a motion to withdraw his guilty plea because he lacked "legal knowledge and education" when he pleaded guilty to all of the charges. In his Petition, he acknowledged that he had not raised any of these claims with the trial court by filing a timely petition under Ark. R. Crim. P. 37.1, but he blamed the failure on a "lack of education and legal knowledge."

Further, Petitioner acknowledged that his habeas petition was not timely. The Court granted the Respondent's motion to dismiss the petition because the claims were barred by the statute of limitations.

In his current Petition (#2), Petitioner claims: (1) he was "mentally retarded" when he pleaded guilty; (2) he was slapped unconscious at the Varner Unit; (3) he "experienced hate crime" while at the Varner Unit; and (4) he is innocent.

### III.  Second or Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires dismissal of any § 2254 claims that were presented in a prior habeas petition. A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A panel of the court of appeals may authorize the filing of a successive petition "only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796

(2007).  A § 2254 claim presented in a second or successive petition, which was not presented in a prior petition, must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  The district court is without jurisdiction to consider a successive petition until authorized by the court of appeals.  *Burton*, 549 U.S. at 153.

Petitioner's claims that he was slapped and was the victim of a "hate crime" while at the Arkansas Department of Correction's Varner Unit are claims regarding his conditions of confinement and are not cognizable in a habeas corpus action.  See 28 U.S.C. §2254.

Petitioner's claim that he was mentally retarded when he pleaded guilty to the charges challenges the same judgment he challenged in his first habeas petition and is similar to his claim that he should be allowed to withdraw his plea because he lacked "legal knowledge and education" sufficient to enter a plea.  Petitioner's claim that he is innocent challenges the same judgment he challenged in his first habeas petition, but this appears to be a new claim.

Petitioner has not sought authorization from the Eighth Circuit Court of Appeals to bring either claim in a successive petition. Accordingly, this petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b). The Court is without jurisdiction to consider the claims until the Eighth Circuit grants Petitioner leave to proceed. See *Burton v. Stewart*, 127 S.Ct. at 796 (concluding a habeas application filed after a previously adjudicated application was a second or successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

## IV.   Conclusion

The Court recommends that the District Court dismiss the Petition for Writ of Habeas Corpus (#2) without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases and deny the Motion for Leave to Proceed *In Forma Pauperis* (#1) as moot.

DATED this 13th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE